UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GARDUNO LARA,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-3086

Honorable Jane M. Beckering

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition[1] for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Am. Pet., ECF No. 6.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### **I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden

[1] Petitioner initially filed a *pro se* petition for a writ of habeas corpus on October 28, 2026. (Pet., ECF No. 1.) On November 3, 2026, counsel for Petitioner entered an appearance and filed an amended petition for a writ of habeas corpus as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1). (Am. Pet., ECF No. 1.) The amended petition is the operative petition in this action.

of proof by clear and convincing evidence to show that Petitioner is a flight risk or danger to the community. (Am. Pet., ECF No. 6, PageID.27–28.) In an order entered on November 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the October 20, 2026 bond hearing on November 4, 2026, (Resp., ECF No. 7; Recording of Oct. 20, 2026, Bond Hearing, filed on Nov. 4, 2026), and Petitioner filed his reply on November 9, 2026, (Reply, ECF No. 8).

**II. Relevant Factual Background**

Petitioner is a native and citizen of Mexico who entered the United States in August 2017 and has remained in the United States since that time. (Am. Pet., ECF No. 6, PageID.16; Notice to Appear, ECF No. 7-2, PageID.55.) On or about September 20, 2026, Petitioner was arrested by ICE. (Am. Pet., ECF No. 6, PageID.16.)

On October 20, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (*Id.*, PageID.17; Immigration Judge (IJ) Order, ECF No. 6-3, PageID.35.) At the conclusion of the bond hearing, in a written order, the IJ denied Petitioner's request for bond, stating, in part: "[T]he [Petitioner] did not meet his burden of showing he is not a danger or, alternatively, a flight risk." (IJ Order, ECF No. 6-3, PageID.35.)

**III. Analysis**

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. (Resp., ECF No. 7, PageID.39–46.) The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 10, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge